**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BILLY TYLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:26-cv-00051-PLC** |
| | ) | |
| **UNKNOWN STALLIOS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Billy Tyler's application to proceed in forma pauperis [ECF No. 2]. The Court grants Plaintiff's application to proceed in forma pauperis, and waives the filing fee. Additionally, the Court provides Plaintiff the opportunity to file an amended complaint on the enclosed form.

## I. Application to Proceed Without Prepaying Fees or Costs

Plaintiff filed a *pro se a*pplication to proceed in forma pauperis. [ECF No. 2] In his application, Plaintiff states he has income of $800 per month in social security benefits and monthly expenses of $800 a month. [ECF No. 2] Having reviewed the application, the Court finds that Plaintiff is unable to pay the costs associated with this action. *See* 28 U.S.C. § 1915(a)(1). Accordingly, the Court grants the application and waives the filing fee.

## II. Initial Review of the Complaint

### A. Legal Standard on Initial Review

Because the Court has granted Plaintiff's application to proceed in forma pauperis, his complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When

reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true and liberally construes the complaint. *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984). A "liberal construction" means that if the essence of an allegation is discernible, the district court construes the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

B. Discussion

Plaintiff brings this action against "Stallios[;]" "Judge Shannon of Circuit Court[;]" "Sheriff of Chariton County, Missouri[;]" and "John Doe Deputy Sheriff of Chariton County, Missouri" via a hand-written letter filed with this Court. [ECF No. 1] Plaintiff alleges he traveled to Chariton County, Missouri, a few months ago to see "40 acres and a mule that 'Mr. Brown' had given to [Plaintiff]." [ECF No. 1] Plaintiff states that "said 40 acres [were] given to all freed slaves at the end of the civil war[.]" [ECF No. 1] Plaintiff alleges a "'John Doe' white man claiming to be deputy sheriff of Chariton County" appeared and directed Plaintiff to "get off the property and

never come back." [ECF No. 1] Plaintiff alleges he filed suit against John Doe in the Circuit Court of Chariton County but that Defendant Stallios "intercepted the filing." [ECF No. 1] Plaintiff is seeking "three times what the 40 acres and a mule is worth" and $50,000,000 in damages.[1] [ECF No. 1]

Plaintiff's complaint, which contains few factual allegations, fails to state a plausible claim for relief. However, considering Plaintiff's self-represented status, the Court will allow him to file an amended complaint.

Pursuant to Local Rule 2.06, Plaintiff shall file his amended complaint on the enclosed form. The amended complaint must include specific facts describing Defendants' conduct that allegedly violated Plaintiff's rights. Because Plaintiff is proceeding without prepaying fees or costs, the Court will review his amended complaint under 28 U.S.C. § 1915. If Plaintiff does not file an amended complaint on the Court-provided form by **November 26, 2026**, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

---

[1] The Court notes that Plaintiff's current complaint is substantially similar to the amended complaint he filed in an action initiated in December 2024. *Tyler v. Unknown Stallos, et al.,* No. 2:24-cv-107 JMB. In that action, Plaintiff filed an amended complaint against "Stallos," as Clerk of the Circuit Court of Chariton County, and John Doe, as deputy sheriff or police officer of Chariton County. *Tyler v. Unknown Stallos, et al.,* No. 2:24-cv-107 JMB, ECF No. 4. Plaintiff alleged violations of various constitutional rights based on allegations that: (1) John Doe officer ordered Plaintiff to leave land given to Plaintiff by Mr. Brown, and (2) Defendant Stallos twice rejected Plaintiff's application to proceed in forma pauperis in Plaintiff's suit against John Doe in the state court. *Tyler v. Unknown Stallos, et al.,* No. 2:24-cv-107 JMB, ECF No. 4. On May 29, 2025, the Court dismissed without prejudice Plaintiff's action, finding Plaintiff had failed to state a claim upon which relief could be granted. *Tyler v. Unknown Stallos, et al.,* No. 2:24-cv-107 JMB, ECF No. 5. Plaintiff's complaint in the current action does not cure any of the defects identified by the Court in its May 2025 Memorandum and Order dismissing Plaintiff's prior suit.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to Plaintiff a copy of the Court's Civil Complaint form.

**IT IS FURTHER ORDERED** that, **no later than November 26, 2026,** Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**Plaintiff's failure to timely comply with the Order will result in the dismissal of this action without prejudice and without further notice.**

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of November 2026